**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4160**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VAN ANTHONY ROSE,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (CR-04-194)

———————————

Submitted: January 10, 2007      Decided: January 30, 2007

———————————

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Camille M. Davidson, THE FULLER LAW FIRM, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Keith Cave, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial in the United States District Court for the Western District of North Carolina, Van Anthony Rose (Rose) was convicted on one count of being a felon in possession of ammunition. 18 U.S.C. § 922(g), 924(e). The district court sentenced him to 360 months' imprisonment. Rose appeals his conviction and sentence. We affirm.

On appeal, Rose first contends the district court erred in denying his motion for judgment of acquittal. In this regard, Rose specifically attacks the sufficiency of the evidence at trial to prove beyond a reasonable doubt that he actually or constructively possessed the ammunition at issue in this case. Where, as here, the defendant's motion for acquittal was based on a claim of insufficient evidence, we must sustain the jury's verdict if there was substantial evidence, viewed in the light most favorable to the government, to support it. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses and assume that the jury resolved any contradictions in the testimony in favor of the government. Id. at 862-63. After a careful review of the record, we find the jury's verdict was supported by substantial evidence.

Second, Rose claims that he is entitled to a new trial by reason of ineffective assistance of his trial counsel during counsel's cross-examination of government witness Tyisha Robinson.

Because any ineffectiveness of Rose's trial counsel during his cross-examination of Tyisha Robinson does not conclusively appear from the face of the record, Rose's ineffective assistance of counsel claim is not cognizable on direct appeal. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.) (ineffective assistance of counsel claim not cognizable on direct appeal unless "lawyer's ineffectiveness conclusively appears from the record"), cert. denied, 126 S. Ct. 1407 (2006).

Finally, Rose seeks vacature of his sentence and a remand for resentencing on the ground that the criteria the district court relied upon in sentencing him to a term of imprisonment exceeding by sixty-seven months the high-end of his otherwise properly calculated Sentencing Guideline range of 235 to 293 months' imprisonment was not presented to the jury. Rose's sentencing challenge is without merit. We have previously set forth the steps that a district court should follow in sentencing a defendant post-United States v. Booker, 543 U.S. 220 (2005). See United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

First, a district court must "correctly determine, after making appropriate findings of fact, the applicable guideline range." Moreland, 437 F.3d at 432; see also Green, 436 F.3d at 456.

> Next, the court must determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law. . . . If an appropriate basis for departure exists, the district court may depart. If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a "variance sentence"). The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range. The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary. The district court need not discuss each factor set forth in § 3553(a) in checklist fashion; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.

Moreland, 437 F.3d at 432-33 (internal quotation marks, alteration marks, and citations omitted). "Our task in reviewing a post-Booker federal sentence is to determine whether the sentence is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks omitted). In reviewing the reasonableness of a variance sentence such as we have here, we "must consider--in light of the factors enumerated in § 3553(a) and any relevant guideline provisions--whether the district court acted reasonably with respect to (1) the imposition of a variance sentence, and (2) the extent of the variance." Id. at 433-34.

After carefully reviewing the record in this case, we conclude the district court fully complied with our post-Booker sentencing analysis. Moreover, we conclude the district court acted

reasonably with respect to the imposition of the variance and its extent.

In conclusion, we affirm Rose's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>